```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA
```

HOPETON GOODEN, :
:
     Petitioner                        :     No. 4:CV-05-0309
:
  vs.                                :     Petition Filed 02/11/05
:
TOM RIDGE, Secretary of Department :     (Judge Muir)
of Homeland Security, et al., :
     Respondents :

## ORDER

April 21, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On February 11, 2005, Petitioner Hopeton Gooden, a native of Jamaica, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 14, 2005, we issued a rule to show cause in which we, *inter alia*, established a briefing schedule on Gooden's petition. The government filed its responsive brief on March 14, 2005. Gooden's reply brief was filed on April 18, 2005, thereby ripening his petition for disposition.

    Gooden asserts the following three claims in his petition: 1) he has improperly been denied relief pursuant to 8 U.S.C. § 1182(c) of the Immigration and Nationality Act; 2) the Immigration and Naturalization Service incorrectly concluded that Gooden's New York state criminal conviction of possessing a

weapon in the second degree constitutes an "aggravated felony" as that phrase is defined and used in the immigration laws; and 3) the Immigration and Naturalization Service never served upon Gooden a proper notice of the charges which subjected Gooden to deportation. (Petition, p. 7)  Before considering the merits of those claims, we will set forth the material factual and procedural history of this case.

Gooden entered the United States as an immigrant on or about July 2, 1963.  On April 15, 1975, he was convicted of robbery in the Bronx County Superior Court in Bronx, New York.  On April 3, 1981, he was convicted of conspiracy to commit bank robbery in the United States District Court for the Eastern District of New York.  On March 1, 1985 Gooden was convicted of reckless endangerment in the first degree in the Suffolk County Superior Court in Riverhead, New York.

Based on those convictions, on June 2, 1987, the Immigration and Naturalization Service commenced removal proceedings against Gooden by issuing an order to show cause.  That order listed the offenses upon which the Immigration and Naturalization Service was relying to deport Gooden.  According to that order, Gooden was removable because he had committed a crime of moral turpitude.  During those proceedings Gooden conceded that he was subject to deportation, but argued that he

was entitled to a discretionary waiver of deportation pursuant to 8 U.S.C. § 1182(c) of the Immigration and Nationality Act. That provision is commonly referred to as "§ 212(c)," and we will hereinafter refer to it as such.

An administrative hearing was held and by order dated October 11, 1994, the Immigration Judge concluded that Gooden failed to establish his entitlement to any relief pursuant to § 212(c), and that Gooden should therefore be deported.  Gooden successfully appealed that order.  On April 3, 1996, the Board of Immigration Appeals remanded the case to the Immigration Judge to allow Gooden's daughter to testify as to the hardship she would suffer if Gooden were deported.  The hardship suffered by family members is a factor to consider in determining whether an immigrant was eligible for § 212(c) relief.  At that point the progress in Gooden's administrative proceedings before the Immigration and Naturalization Service essentially stopped.  The next ruling in Gooden's case was not issued until more than five years later, on December 11, 2001.  The various developments detailed below caused that delay.

On June 18, 1997, Gooden was convicted of reckless endangerment in the first degree and of criminal possession of a weapon in the second degree in the Suffolk County Superior Court in New York.  On June 9, 1998, the Immigration and

Naturalization Service filed a document entitled "Additional Charges of Deportability," in which it alleged that Gooden was now subject to deportation because he had been convicted of 1) an aggravated felony, and 2) possession of a firearm.  In that same document the Immigration and Naturalization Service amended the order to show cause which had been issued on June 2, 1987, because that order contained an inaccurate citation to the robbery offense of which Gooden had been convicted in 1975.

The hearing to obtain the testimony of Gooden's daughter was apparently scheduled for October 26, 1998. (Petition, p. 5) For reasons which have not been presented to us by either party, Gooden failed to appear at that proceeding.  On February 16, 1999, the Immigration Judge "administratively closed [Gooden's] file." (Government's response to petition, p. 4)  On January 19, 2001, the Immigration and Naturalization Service filed a "Motion to Reopen/Recalendar and Change Venue."  Such a motion was necessary because at that time Gooden was incarcerated at the Sing Sing Correctional Facility in Ossining, New York, as a result of the June 18, 1997, conviction of criminal possession of a weapon.

A second administrative hearing in Gooden's case was held in August of 2001.  Gooden appeared at that proceeding.  On December 11, 2001, the Immigration Judge ruled that Gooden was

"deportable for having been convicted of an aggravated felony, as that term is defined in Sections 101(a)(43)(F) and (G) of the [Immigration and Nationality] Act." The specific offense cited by the Immigration Judge in that portion of his decision was Gooden's robbery conviction.

The Immigration Judge further held that Gooden was not eligible for any relief pursuant to § 212(c) because as of December 11, 2001, Gooden had been imprisoned for more than five years in connection with the 1997 possession of a weapon conviction. Gooden unsuccessfully appealed that decision and by order dated March 28, 2002, the Board of Immigration Appeals affirmed the Immigration Judge's decision.

Based on those facts, in his pending habeas petition Gooden initially contends that the delay in his original deportation proceedings unlawfully precluded him from obtaining relief pursuant to § 212(c). The statute in effect when Gooden sought that relief provided as follows:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General .... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

5

8 U.S.C. § 1182(c) (1995).  Gooden argues that he would have been eligible for the waiver set forth in § 212(c) in the course of his original deportation proceedings because he had not served more than five years' imprisonment on any aggravated felony during those proceedings.

We first consider the reasons underlying the delay in his deportation proceedings.  Our research of the reported decisions addressing this type of claim indicates that the period caused <u>solely</u> by an Immigration Judge's erroneous decision should not be considered in determining whether an immigrant has spent five years in custody for the purposes of applying § 212(c). *See* Hartman v. Elwood, 255 F. Supp. 2d 510, 518 (E.D. Pa. 2003)(DuBois, J.)(where passage of five-year mark is caused "only because of" an Immigration Judge's error, the merits of a § 212(c) request should be considered).

There is no doubt that the Immigration Judge who conducted Gooden's initial administrative hearing erred when he disallowed the testimony of Gooden's daughter.  Indeed, that was the single justification for sustaining Gooden's appeal and remanding the case to the Immigration Judge.  However, it is equally clear that other factors contributed to prolonging Gooden's case.

Most notably, Gooden was subsequently convicted in 1997 of reckless endangerment in the first degree and of criminal

possession of a weapon in the second degree.  Those charges significantly altered the complexion of Gooden's case.  Those 1997 convictions directly led to the filing on June 9, 1998, of a form identified as an "I-261 Form" which is entitled "Additional Charges of Deportability." (Government's response to petition, Exhibit E)  The filing of that document effectively established new grounds to deport Gooden.

It is an understatement to say that the 1997 convictions materially contributed to the delay in processing Gooden's case. Yet Gooden has not addressed the impact of those charges on his case, and in the documents filed in this court he completely fails to acknowledge those offenses in any manner.

In his first argument Gooden would have us believe that the relevant sentence with respect to his request for § 212(c) relief is one which had been imposed before his 1994 hearing before the Immigration Judge.  The information presented to us establishes that the five-year sentence relied upon by the Immigration Judge in the December 11, 2001, decision to deny Gooden's request for § 212(c) relief was that which Gooden had been serving for the 1997 conviction of possessing a weapon. Gooden received a sentence of more than 10 years on that offense.  Gooden has not presented any reason why it was improper for the Immigration Judge to rely on that sentence.

For the reasons discussed above, Gooden has not established that the only cause of the delay in ruling on his request for relief pursuant to § 212(c) was the Immigration Judge's error at that initial hearing held in this case.  Moreover, Gooden has also failed to show that he was prejudiced in any manner by the delay.  The information presented to us indicates that the sentence imposed for 1997 conviction of possessing a firearm, and not any delay in his deportation proceedings, rendered Gooden ineligible for § 212(c) relief.  Consequently, Gooden is not entitled to any relief based on his first claim.

Gooden next argues that the Immigration Judge erred in concluding that possession of a weapon in the second degree was an aggravated felony for the purposes of 8 U.S.C. § 1101(a)(43)(F).  That statute defines an "aggravated felony" as, *inter alia*, a "crime of violence" as defined in 18 U.S.C. § 16. A "crime of violence" is defined in 18 U.S.C. § 16 as

> (a) an offense that has an element of use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony, and that, by its nature, involves a substantial risk that physical force against a person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The Immigration Judge determined that Gooden's New York offense of criminal possession of a weapon met the definition of

a "crime of violence" set forth in § 16(b).  We are authorized to review that determination *de novo*. *See* Francis v. Reno, 269 F.3d 162, 168 (3d Cir. 2001).  The Court of Appeals for the Third Circuit has held that in considering whether a state offense is within the scope of § 16(b) we should employ a "categorical approach." Id., at 171.  That approach "generally limits a court's inquiry to the statutory definitions of an offense, and not to the facts underlying a conviction for that offense." Oyebanji v. Ashcroft, ___ F. Supp. 2d ___, 2003 WL 22466214 (D.N.J. Sept. 25, 2003)(Simandle, J.).

    The New York law states that "[a] person is guilty of criminal possession of a weapon in the second degree when he possesses a machine gun or loaded firearm with intent to use the same unlawfully against another." New York State Penal Law § 265.03.  We agree with the Immigration Judge's conclusion that the possession of a weapon with the intent to unlawfully use the weapon "involves a substantial risk that physical force against a person ... may be used in the course of committing the offense." 18 U.S.C. § 16.  Consequently, Gooden's second argument is meritless.

    Gooden's third and final argument is that the Immigration Judge improperly relied upon charges not cited in "the Form I-261" to deport him.  Gooden contends that "[t]he Immigration

Judge relied upon charges not specified upon the Form I-261 (for additional charges of deportability) to sustain grounds of deportability," and that Gooden consequently did not have adequate notice of the specific reasons for which he was to be deported. (Petition, p. 8)  This argument is based on a misreading of the Immigration Judge's December 11, 2001, decision.

In that decision the Immigration Judge clearly states that the offense for which Gooden was to be deported was Gooden's robbery conviction. (Government's response to petition, Exhibit F, p. 4)  That offense was listed in the original order to show cause issued in 1987, and the citation to the specific New York state law was clarified in the Form I-261 filed on June 9, 1998.

Gooden correctly notes that it may have been inappropriate to deport him based solely on the 1997 conviction of possessing a firearm because that offense was not listed in the order to show cause.  However, the Immigration Judge did not reference that offense as a basis to deport Gooden.  The Immigration Judge cited the 1997 weapon offense only in the context of Gooden's request for § 212(c) relief.  As noted above, the Immigration Judge held that the sentence imposed upon Gooden for that offense rendered Gooden ineligible for § 212(c) relief.  Gooden has not presented any authority demonstrating that the

Immigration Judge's reliance upon the 1997 conviction for that limited purpose was improper.

The information presented to us indicates that Gooden had adequate notice of the charges for which he was to be deported. Gooden's third claim is without merit.

We will deny Gooden's petition for writ of habeas corpus.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Gooden's petition for writ of habeas corpus (Document 1) is denied.

2. The Clerk of Court shall close this case.

                                          s/Malcolm Muir
                                          MUIR, U. S. District Judge

MM:ga